1

2                                                **E-Filed 11/14/05**

3

4

5

6

7

8                                   NOT FOR CITATION

9                   **IN THE UNITED STATES DISTRICT COURT**

10          **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

                            **SAN JOSE DIVISION**

11

12

13 MEDITERRANEANCOINS, GmbH, et al.,     |     Case Number C 05-3533 JF

                            Plaintiffs,     |

14                                |     ORDER[1] DENYING MOTION FOR REMAND AND REQUEST FOR ATTORNEY'S FEES AND COSTS

                       v.     |

15                                |     [Docket No. 17]

16 EBay INC., et al.,     |

                      Defendants.     |

17

18

19

20

21                                 **I. BACKGROUND**

22       Plaintiff MediterraneanCoins, GmbH ("MediterraneanCoins") is a German corporation

23 that deals in numismatics (collectable coins) and previously conducted a substantial amount of

24 business on eBay.com.  It alleges that on or about October 3, 2004, Defendant eBay Inc. ("eBay")

25 cancelled its auctions and suspended its account, explaining via e-mail: (1) "your actions may

26 cause financial loss or legal liability for you, our users or us," and (2) "we are unable to verify or

27 ————————————————

28       [1] This disposition is not designated for publication and may not be cited.

1    authenticate any information you provide to us."  It further alleges that based on its investigation

2    and information provided to it by a representative of eBay, eBay led it to believe that the

3    cancellations and suspension were done because of a "formal request" by an unidentified third

4    party.  MediterraneanCoins was thereafter unable to obtain more information from eBay

5    regarding the matter, and it was notified that further information or documents could be produced

6    only through a subpoena.

7         On December 22, 2004, MediterraneanCoins filed a complaint against Does 1 through100

8    – and no named defendants – in the Santa Clara Superior Court.  The complaint alleged three

9    state law claims: interference with contract and prospective economic advantage, defamation and

10   trade libel, and unfair business practices pursuant to California Business and Professional Code §

11   17200.  On January 4, 2005, MediterraneanCoins served a *subpoena duces tecum* on eBay.

12   MediterraneanCoins alleges that eBay responded to the subpoena by filing objections and did not

13   produce any records.  On February 28, 2005, MediterraneanCoins filed a motion to compel

14   compliance with the subpoena, which was granted on April 8, 2005.  Throughout this period,

15   eBay was identified in court documents as a "third party" or a "third party witness."

16        Britt Anderson ("Anderson"), counsel for eBay, states in his declaration that to date eBay

17   has produced more than 2,500 pages of documents in response to the subpoena.  Anderson also

18   declares that eBay proposed a protective order with respect to the documents it produced, but that

19   eBay and MediterraneanCoins could not come to an agreement.   MediterraneanCoins alleges

20   that the documents produced by eBay showed that:

> eBay had been monitoring and recording plaintiff's online activity for over 2
> years, and providing sensitive and private information and documents about
> plaintiffs' account to the Italian 'Cultural Police' (who, it turns out, are
> investigating and arrested [sic] plaintiffs 'with the support eBay,' [sic] though no
> formal charges have been made under the draconian Italian law).

24   It alleges further that "eBay essentially acted as a spy for a foreign government against its own

25   customer."

26        On August 11, 2005, MediterraneanCoins and two additional Plaintiffs, Barbara

27   Francesca Serofilli and Giovanni Grimaldi, filed a first amended complaint, naming eBay, eBay

28   Italia S.R.L., eBay International AG, Marco Cesare Pancini, Aldo Vignoli, Christian Perella, Ugo

2

1    Celestino, and Does 8 through 100 as Defendants.  The amended complaint was served on eBay

2    on August 15, 2005.  As of the time of the filing of the instant motion, the amended complaint

3    had not been served on the other named defendants.  The amended complaint alleges fifteen

4    claims: invasion of privacy, defamation and trade libel, breach of fiduciary duty, fraud,

5    intentional infliction of emotional distress, negligence, interference with contract, interference

6    with prospective economic advantage, misappropriation of trade secret, breach of contract and

7    implied covenant of good faith and fair dealing, violation of common law right to fair procedure,

8    unfair business practices, violations of Electronic Communications Privacy Act, declaratory

9    relief, and contempt sanctions.

10        Also on August 11, 2005, eBay filed a motion for entry of protective order and Plaintiffs

11   brought a motion to compel compliance with the state court's April 8, 2005 order.  On August

12   23, 2005, eBay filed opposition to this motion to compel.  eBay notes that it filed this opposition

13   at this time because it was required to file it nine days prior to the state court hearing, pursuant to

14   California Code of Civil Procedure § 1005(b).  In this opposition, eBay identified itself as a

15   named defendant.  However its arguments were based expressly on the fact that the discovery

16   dispute began and continued during a period when eBay was not a named defendant.  A state

17   court hearing on these motions was scheduled for September 2, 2005.

18        On August 31, 2005, eBay removed the instant case to federal court pursuant to 28 U.S.C.

19   § 1441, based on federal question jurisdiction under 28 U.S.C. § 1331.  Plaintiffs' thirteenth

20   claim is for violations of the federal Electronic Communications Privacy Act (ECPA), 18 U.S.C.

21   §§ 2510 *et seq*.  In addition, Plaintiffs' first claim for invasion of privacy invokes the protections

22   of both the California and the United States Constitutions.  On September 8, 2005, eBay filed a

23   motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and a motion to strike

24   Plaintiffs' first fourteen claims pursuant to pursuant to California Code of Civil Procedure §

25   425.16 and Federal Rule of Civil Procedure 12(f).  These motions are scheduled for hearing on

26   January 20, 2005.

27        On September 30, 2005, Plaintiffs filed the instant motion for remand and request for

28   attorney's fees and costs.  Plaintiffs' motion to remand is based on five grounds: (1) that eBay

3

1    waived its right to removal, (2) that abstention is proper under the *Younger* abstention doctrine,

2    (3) that abstention is proper under the *Pullman* abstention doctrine, (4) that abstention is proper

3    for "other prudential reasons," and (5) that a stay of the federal claim and abstention of the state

4    claims is proper under the *Colorado River* abstention doctrine.  Plaintiffs request attorney's fees

5    and costs pursuant to 28 U.S.C. § 1447(c) and as sanctions pursuant to Federal Rule of Civil

6    Procedure 11.  Defendant eBay filed opposition to the instant motion.  The Court heard oral

7    argument on November 10, 2005.

8                                    **II. LEGAL STANDARD**

9           In general, removal is proper when the federal court would have had jurisdiction had the

10   claim originally been filed in federal court (i.e., federal question or diversity).  28 U.S.C. §

11   1441(a).  Time for removal is thirty days after receipt by defendant of a copy of the initial

12   pleading setting forth the claim upon which the removal action is based.  28 U.S.C. § 1446(b).  If

13   grounds for removal do not appear from the initial pleading, the time for removal is thirty days

14   after receipt by defendant of a copy of the amended pleading, motion, order or other paper from

15   which it appears that removal is proper.  28 U.S.C. § 1446(b).  Removal may be improper due to

16   (1) lack of subject matter jurisdiction in federal court or (2) defects in the removal proceedings.

17   The removal statute is strictly construed against removal jurisdiction, and federal jurisdiction

18   must be rejected if there is any doubt about the right of removal.  *Gaus v. Miles, Inc.*, 980 F.2d

19   564, 566 (9th Cir. 1992).

20                                      **III. DISCUSSION**

21          EBay properly removed the instant case from state to federal court.  The amended

22   complaint alleges more than one federal claim; the thirteenth claim is for violation of a federal

23   statute (the ECPA), and the first claim invokes the protections of the United States Constitution.

24   28 U.S.C. § 1331; *see also Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1106

25   (9th Cir. 2000) ("federal jurisdiction exists only when a federal question is presented on the face

26   of the plaintiff's properly pleaded complaint").  EBay removed the instant case within thirty days

27   of service of the amended complaint naming it as a party.  Prior to the filing and service of the

28   amended complaint, removal would have been impossible because there were no named

                                              4

1   defendants

2       The Court has supplemental jurisdiction over Plaintiffs' state claims pursuant to 28

3   U.S.C. § 1367(a), under which a federal district court has jurisdiction over state law claims that

4   are "so related" to claims over which the district court has original jurisdiction that they form

5   "part of the same case or controversy."  All of Plaintiffs' claims arise out of the same general

6   factual allegations: that eBay and the named individual Defendants communicated with the

7   Italian police about the Defendants.  Plaintiffs assert generally that the amended complaint

8   "encompasses a variety of factual issues, time periods, and separate 'primary rights' and

9   damages," but they do not specify, nor is it clear to the Court, how the different claims could be

10  based on factual allegations so distinct as not to be part of the same case or controversy.

11  Plaintiffs do specifically suggest that their fifteenth claim, for contempt sanctions for disobeying

12  a subpoena, arises out of a different nucleus of operative facts.  They argue that the claim arises

13  out of the public policy interest in giving litigants access to records and compensation for seeking

14  such records.  However, regardless of the policy motivating any contempt sanctions, it is clear

15  that Plaintiffs seek contempt sanctions based on eBay's alleged non-compliance with a subpoena

16  that is related to the basic factual allegations upon which all of the other claims are based.

17      Plaintiffs point out that a district court may decline to exercise supplemental jurisdiction

18  over a state law claim if:  (1) the claim raises a novel or complex issue of state law; (2) the claim

19  substantially predominates the claims over which the court has original jurisdiction; (3) the court

20  has dismissed all claims over which it has original jurisdiction; or (4) in exceptional

21  circumstances, other compelling reasons exist for declining jurisdiction.  28 U.S.C. § 1367(c).  A

22  decision to decline jurisdiction pursuant to one of these factors should take into consideration

23  judicial efficiency, convenience of the parties, fairness, and comity.  *ACRI v. Varian Associates,*

24  *Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997).  Plaintiffs state generally that their fourteen state law

25  claims involve novel or complex issues of state law "particularly in the context of online

26  activity," that the state law claims substantially predominate, and that judicial efficiency,

27  convenience, fairness, and comity are "clearly at play in this case."  However, the Court is not

28  convinced that any of the state law claims asserted by Plaintiffs genuinely involve novel or

5

1  complex issues of state law.  Moreover, because the Court has original jurisdiction over

2  Plaintiffs' federal claim, the interests of judicial efficiency are best served if this Court keeps

3  jurisdiction over all of Plaintiffs' asserted claims.

4          As is explained below, none of the arguments asserted by Plaintiffs in the instant motion

5  to remand is sufficient to merit a remand of the instant case to state court.  It is clear from

6  Plaintiffs' moving papers and oral argument that Plaintiffs are concerned that, through removal,

7  eBay will be able to avoid potentially negative rulings regarding the discovery dispute that had

8  been ongoing in state court.  The Court assures Plaintiffs that the removal of the instant case to

9  federal court will have no effect upon eBay's duty to comply with the state court's subpoena.

10 Pursuant to 28 U.S.C. § 1450, "[a]ll injunctions, orders, and other proceedings had in [a state

11 court] action prior to its removal shall remain in full force and effect until dissolved or modified

12 by the district court."  Pursuant to this Court's standing order, the parties' pending discovery

13 dispute is hereby referred to the assigned Magistrate Judge, the Honorable Richard Seeborg.

14 **A. eBay's alleged waiver of removal**

15         Plaintiffs allege that eBay waived its right to remove to federal court through actively

16 litigating in state court and stipulating to state court jurisdiction.  However, prior to the filing of

17 the amended complaint, eBay participated in the state court proceedings only as a third party.

18 None of its actions in state court was sufficient to constitute waiver of its right to removal.

19 Plaintiffs' argument that eBay "explicitly bound all parties to state court jurisdiction" is similarly

20 without merit.  eBay's proposed protective order states: "I further agree to submit to the

21 jurisdiction of the Santa Clara Superior Court *for the purpose of* enforcing the terms of this

22 Stipulated Protective Order, even if such enforcement proceedings occur after termination of this

23 action" (emphasis added).  The language of this proposed protective order in no way impacts

24 Defendants' right of removal to federal court; rather, it merely stipulates to jurisdiction for the

25 purposes of the proposed protective order.

26 **B. *Younger* abstention**

27         Plaintiffs next argue that the Court must remand the instant case to state court  pursuant

28 to *Younger v. Harris*, 401 U.S. 37 (1971), due to the outstanding contempt proceedings.

6

1   Although there were not in fact any pending contempt proceedings as such at the time of

2   removal, Plaintiffs had filed a motion to compel compliance with a court order, requesting that

3   the state court issue an "Order to Show Cause re: contempt and cite the witness into court for a

4   hearing." This motion was scheduled for hearing two days after eBay removed the instant case to

5   federal court. Plaintiffs argue that eBay removed the instant case to evade contempt sanctions

6   and enforcement of the state court order to compel compliance with the subpoena. As the Court

7   has already noted, when a case is removed to federal court, the federal court takes the case as it

8   stood in state court at the time of removal. Thus, removal of the instant case does not allow eBay

9   to avoid any orders or enforcement that may have been pending in state court.

10      The *Younger* doctrine espouses "a strong federal policy against federal-court interference

11  with pending state judicial proceedings absent extraordinary circumstances." *Middlesex County*

12  *Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982). Also underlying the

13  *Younger* doctrine is the notion that federal courts should "avoid unwarranted determinations of

14  federal constitutional law." *Gilbertson v. Albright*, 381 F.3d 965, 975 (9th Cir. 2004). *Younger*

15  abstention is appropriate when the state proceedings: (1) are ongoing; (2) implicate important

16  state interests; and (3) provide the plaintiff with an adequate opportunity to litigate his or her

17  federal claims. *See San Remo Hotel v. City and County of San Francisco*, 145 F.3d 1095, 1103

18  (9th Cir. 1998). *Younger* abstention is not appropriate in the instant case because there are no

19  ongoing state court proceedings. EBay has removed the instant case from state court to federal

20  court, thus terminating the proceedings in state court and transferring them to federal court.

21  **C.** ***Pullman*** **abstention**

22      Plaintiffs also request that the Court remand the entire case to the state court pursuant to

23  the *Pullman* abstention doctrine. Plaintiffs suggest that the Defendants could protect their right

24  to a federal court determination of the federal claims by making an "England reservation."

25  However, *Pullman* abstention is appropriate only in very specific circumstances, none of which

26  exists in the instant case. "Traditionally, under *Pullman*, a federal court stays and remits to state

27  court cases involving the interpretation of a challenged state statute in order to avoid making an

28  unnecessary or premature constitutional decision." *United Parcel Service, Inc. v. California*

7

1  *Public Utilities Comm'n*, 77 F.3d 1178, 1183 (9th Cir. 1996).  *Pullman* abstention is appropriate

2  when:  (1) the complaint touches a sensitive area of social policy upon which the federal courts

3  ought not to enter unless no alternative to its adjudication is open; (2) such constitutional

4  adjudication plainly can be avoided if a definitive ruling on the state issue would terminate the

5  controversy; and (3) the possibly determinative issue of state law is doubtful.  *Sinclair Oil Corp.*

6  *v. County of Santa Barbara*, 96 F.3d 401, 409 (9th Cir. 1996).

7         Plaintiffs' complaint does not touch on a sensitive area of social policy.  Plaintiffs suggest

8  that the state's interest in contempt proceedings implicates such an area, but even if there were a

9  pending order to show cause re contempt in state court, which there was not and is not, Plaintiffs

10  cite no authority holding that a pending contempt proceeding implicates the type of social issue

11  subject to *Pullman*.  A contempt hearing is an important legal proceeding, but it is not an area of

12  social policy.  A definitive ruling on the state law issues raised by such a proceeding would not

13  negate the need to make federal constitutional decisions.  Plaintiffs assert federal claims *in*

14  *addition to*, not alternatively to, their state law claims.

15  **D. Abstention for "other prudential reasons"**

16         Plaintiffs next suggest that a "federal court can remand actions for 'other prudential

17  reasons' not otherwise fitting the 'absence of jurisdiction' or 'removal defects' categories set

18  forth in 28 USC § 1447(c)."  However, 28 U.S.C. § 1447(c) does not include these words nor

19  does it stand for this proposition.  Instead, § 1447 merely establishes procedures for remanding a

20  case to state court for an absence of subject matter jurisdiction or for an alternative reason.

21         Plaintiffs claim that eBay is attempting to "pre-empt" state court litigation and that "the

22  combination of eBay's removal and its Rule 12 Motions to Dismiss and Strike are akin and

23  effectively amount to a Federal declaratory action."  Plaintiffs cite a number of cases related to

24  these arguments.  However, there is no evidence that eBay is attempting to "pre-empt" state court

25  litigation.  EBay has removed the action to federal court, and there is no longer any state court

26  proceeding that could be preempted.  All of Plaintiffs' claims, including those related to the

27  parties' discovery dispute, stand in the same legal posture in this Court as they did before

28  remand.

Case No. C 05-3533 JF
ORDER DENYING MOTION FOR REMAND AND REQUEST FOR ATTORNEY'S FEES AND COSTS
(JFLC1)

1

**E.  *Colorado River* abstention**

2

Finally, Plaintiffs request that the Court remand the state law claims and stay their federal

3

claims pursuant to the *Colorado River* abstention doctrine.  Under *Colorado River*, a federal

4

court may defer to a parallel state court proceeding based upon "considerations of wise judicial

5

administration, giving regard to conservation of judicial resources and comprehensive disposition

6

of litigation."  *Tovar v. Billmeyer*, 609 F.2d 1291, 1293 (9th Cir. 1980) (quoting *Colorado River*

7

*Water Conservation District v. United States*, 424 U.S. 800, 817 (1976)).  *Colorado River*

8

abstention is appropriate only when there is a parallel state court proceeding, which there is not

9

in the instant case.

10

**F.  Request for attorney's fees and costs**

11

Plaintiffs request attorney's fees and costs pursuant to 28 U.S.C. § 1447(c) and as

12

sanctions pursuant to Federal Rule of Civil Procedure 11.  They argue that eBay's removal was

13

improper, improvident, vexatious and in bad faith.  However, as is apparent from the foregoing

14

discussion, eBay's removal of this action was proper.  Accordingly, Plaintiffs' request for

15

attorney's fees and costs will be denied.

16

**IV. ORDER**

17

Good cause therefore appearing, IT IS HEREBY ORDERED that Plaintiffs' motion to

18

remand is DENIED.

19

IT IS FURTHER ORDERED that Plaintiffs' request for attorney's fees and costs is

20

DENIED.

21

All pending and future discovery proceedings are assigned to Magistrate Judge Richard

22

Seeborg.

23

24

25

DATED:  November 14, 2005

26

27

<u>/s/ electronic signature authorized</u>
JEREMY FOGEL

28

United States District Judge

9

1    This Order has been served upon the following persons:

2    Britt Lee Anderson          banderson@cooley.com, cdung@cooley.com

3    Michael Graham Rhodes       rhodesmg@cooley.com,

4    Dimitry Z. Tsimberg         dimitry@goforlaw.com, dimitry.tsimberg@verizon.net

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 05-3533 JF
ORDER DENYING MOTION FOR REMAND AND REQUEST FOR ATTORNEY'S FEES AND COSTS
(JFLC1)