**\*E-FILED 1/4/06\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MEDITERRANEANCOINS, ET AL., | NO. 05-cv-3533 JF (RS) |
| Plaintiffs, | **ORDER DENYING MOTION FOR LEAVE TO TAKE DEPOSITION** |
| v. | |
| EBAY, INC., ET AL., | |
| Defendants. | |

## I. INTRODUCTION

Plaintiffs Mediterraneancoins GmbH, Barbara Francesca Serofilli, and Giovanni Grimaldi (collectively, "plaintiffs") seek leave to conduct a deposition of defendant eBay, Inc. ("eBay"), pursuant to Fed. R. Civ. Pro. 30(b)(6), prior to the discovery conference in this case presently scheduled to occur in March 2006. Plaintiffs argue that they need limited discovery to oppose eBay's pending motions to dismiss and to strike portions of the complaint.  eBay opposes plaintiffs' request, contending that its motions raise only questions of law and, therefore, no discovery is necessary under these circumstances.  The motion was fully briefed and heard on shortened time by the Court on January 4, 2006.  Based on all papers filed to date, as well as on the oral argument of counsel, the Court denies the motion, finding that expedited discovery is not warranted in this instance, as explained below.

## II. BACKGROUND

Plaintiffs allege that they are long-time customers of eBay who sold coins under the eBay account name of "MediterraneanCoins." They contend that, without warning or justification, eBay cancelled their account on October 1, 2004. As a result, plaintiffs sued "Doe" defendants in state court for, among other claims, breach of contract. Discovery began in that action and plaintiffs served a subpoena duces tecum on eBay, requesting that eBay provide copies of various account records. eBay objected to the request and plaintiffs filed a motion to compel production, which was granted by the state court on April 8, 2005. Thereafter, plaintiffs contend that eBay provided some records and accounts, but allege that many records have been withheld on the basis that they contain "trade secrets" and "confidential business information" and, therefore, require a protective order to which the parties have been unable to agree.

On August 11, 2005, plaintiffs filed an amended complaint, naming eBay as a defendant and alleging numerous claims for relief, including violations of the Electronic Communications Privacy Act, 18 U.S.C. § 2701. Plaintiffs contend that eBay improperly monitored and recorded their online activity for over two years and provided sensitive and confidential information and documents concerning their account and business to the Italian "Cultural Police." They also filed a motion to compel compliance with the state court's order filed on April 8, 2005. Prior to the hearing on plaintiffs' motion to compel, however, eBay filed a notice of removal and the case was assigned to this Court. On November 14, 2005, the presiding judge denied plaintiffs' motion to remand the case to state court.

Shortly after removal, eBay filed a motion to dismiss the amended complaint, as well as a motion to strike various claims, both of which are presently scheduled to be heard by the presiding judge on February 17, 2006. In its motions, eBay claims that this action must be dismissed because it is predicated entirely on allegations concerning eBay's communications with the Italian police which are protected by an absolute privilege under California Civil Code § 47(b) and the *Noerr-Pennington* doctrine. eBay also contends that dismissal is appropriate because the claims and damages sought are precluded by the User Agreement and Privacy Policy to which plaintiffs agreed and that each of the claims fail to state an appropriate claim for relief. eBay's motion to strike similarly requests that the damages be stricken as barred under the applicable User Agreement and Privacy Policy. That motion also seeks to strike the first fourteen claims for

2

1 relief as legally barred pursuant to California's anti-SLAPP ("Strategic Lawsuits Against Public
2 Participation") statute, codified in Cal. Code Civ. Pro. § 425.16.  In response to eBay's motions, on
3 December 12, 2005, plaintiffs served eBay with a Notice of Deposition, pursuant to Fed. R. Civ. Pro.
4 30(b)(6).  The notice requests that eBay designate its person(s) most knowledgeable and qualified to testify
5 concerning twenty-two separate categories of information, including eBay's: Privacy Policy, User
6 Agreement, policies concerning communications with law enforcement, policies regarding investigations,
7 suspensions, and terminations of accounts, policies regarding "shill bidding," the hiring, training and
8 supervision of its employees, investigations concerning plaintiffs, and the corporate structure of various
9 eBay companies.  See Declaration of Dimitry Tsimberg, Exh. 2.  The Notice also requests the production
10 of nineteen separate categories of documents.  Id.

11        Plaintiffs seek leave of Court to conduct what they define as "limited and narrowly tailored
12 discovery through a deposition" of eBay so that they may properly oppose eBay's pending motions to
13 dismiss and to strike.  eBay responds that no discovery is necessary to oppose its motions since they
14 present only issues of law and do not require the introduction of any factual matters or extrinsic evidence.
15 eBay also notes that plaintiffs have failed to fulfill the "good cause" standard necessary to allow discovery to
16 commence in this action.

### III. STANDARDS

18        Fed. R. Civ. Pro. 26(d) states that no party may seek discovery from any source, absent a court
19 order or agreement of the parties, before the parties have conferred as required by Rule 26(f).  The court
20 may order expedited discovery, however, when "good cause" has been shown, meaning that the moving
21 party has established that its need for discovery outweighs any prejudice to the opposing party.  Semitool,
22 Inc. v. Tokyo Electron America, Inc., 208 F.R.D. 273, 276 (N.D. Cal. 2002). Good cause has been
23 found where discovery is necessary in connection with a motion.  Stanley v. University of Southern
24 California, 13 F.3d 1313, 1326 (9th Cir. 1994) (noting that plaintiff could have requested expedited
25 discovery since good cause may exist in connection with an application for a temporary restraining order or
26 preliminary injunction).

27        Similarly, Cal. Code of Civ. Pro. § 425.16(g) provides that "all discovery proceedings in the action

3

shall be stayed," but "the court, on noticed motion and for good cause shown, may order that specified discovery be conducted notwithstanding this subdivision." "If the plaintiff makes a timely and proper showing in response to the motion to strike, that a defendant or witness possesses evidence needed by plaintiff to establish a prima facie case, the plaintiff must be given the reasonable opportunity to obtain that evidence through discovery before the motion to strike is adjudicated." Lafayette Morehouse, Inc. v. Chronicle Publishing Co., 37 Cal.App.4th 855, 868 (1995).

## IV.  DISCUSSION

Plaintiffs contend that the deposition of eBay is necessary for several reasons: (1) in that the terms of the User Agreement and Privacy Policy are at issue, plaintiffs "wish to explore the issues raised by these and related policies, including their implementation, training, procedures, and practices;" (2) eBay's own records need to be clarified or authenticated for purposes of the motion to strike based on the SLAPP statute; (3) the relationship between the various eBay affiliates needs to be sorted out for purposes of the motion to dismiss; (4) the identity of witnesses and the location of documents is similarly necessary to prepare a response to those motions; and, (5) to "help the parties resolve pending discovery issues and claims of confidentiality."

None of these reasons, however, meet the required showing of "good cause" justifying expedited discovery. While it is certainly true that plaintiffs may need eBay documents to support their case, the record shows that eBay has already produced over 2000 pages of documents to plaintiffs in response to their prior subpoena.  Moreover, eBay states that the User Agreement and Privacy Policy are publicly available on-line at its website. Further, the corporate structure of various eBay entities does not appear to be related to the pending motions. While such information may ultimately be a relevant area of inquiry in this action, it has no apparent relevance to the present motion to dismiss or motion to strike.

As noted above, a court may exercise its discretion and order expedited discovery prior to the occurrence of a Rule 26 conference when "the plaintiff makes a timely and proper showing....that a defendant or witness possesses evidence needed by plaintiff to establish a prima facie case." Lafayette Morehouse, Inc. v. Chronicle Publishing Co., 37 Cal.App.4th at 868.  Here, plaintiffs have failed to point to any evidence necessary to prove their prima facie case. Instead, they simply point out why their general

4

deposition subpoena and accompanying request for production of documents, which do not appear tailored or limited in any fashion towards ascertaining information related to either the motion to dismiss or the motion to strike, would yield useful information in this case.

In addition, plaintiffs concede that many of their requests for documents are duplicative and, further, that they simply could object to eBay's request for judicial notice if they contend that the User Agreement and Privacy Policy relied upon by eBay to support its motion to dismiss do not provide the same terms and conditions as those to which plaintiffs agreed. Moreover, while plaintiffs argue exceptions exist to the litigation privilege relied upon by eBay in its motion to dismiss, they fail to explain why discovery is necessary to advance that argument at the pleadings stage. As eBay concedes, when ruling on a motion to dismiss, the court must accept as true all allegations of material fact and must construe those allegations in the light most favorable to the non-moving party. Western Reserve Oil & Gas Co. v. New, 765 F.2d 1428, 1430 (9th Cir. 1985). Any ambiguities must be resolved in favor of the pleading. Walling v. Beverly Enterprises, 476 F.2d 393, 396 (9th Cir. 1973). It is not necessary, at this stage of the pleadings, that plaintiffs submit extrinsic evidence to support their claims since such evidence likely cannot be considered by the court in ruling on a motion to dismiss. Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 925 (9th Cir. 2001). As a result, plaintiffs have failed to establish the "good cause" necessary to warrant expedited discovery in this instance.

## V.  CONCLUSION

For the reasons stated, plaintiffs' motion for leave to take the deposition of eBay pursuant to Fed. R. Civ. Pro. 30(b)(6) is denied.

///

IT IS SO ORDERED.

Dated: 1/4/06                                          /s/ Richard Seeborg
                                                       RICHARD SEEBORG
                                                       United States Magistrate Judge

5

Case 5:05-cv-03533-JF   Document 57   Filed 01/04/06   Page 6 of 6

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN DELIVERED TO:**

Heather Coe Meservy    hmeservy@cooley.com,

Michael Graham Rhodes    rhodesmg@cooley.com,

Dimitry Z. Tsimberg    dimitry@goforlaw.com, dimitry.tsimberg@verizon.net

**Dated: 1/4/06**                                                      **Chambers of Judge Richard Seeborg**

                                                                                **By:**        **/s/ BAK**